IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DONNA G. MILES                                                    PLAINTIFF

v.                              No. 3:18-cv-107-DPM

BROADWAY HEALTH & REHAB, LLC                                      DEFENDANT

ORDER

In response to this Court's Order, № 10, Miles served Broadway. She had process delivered within the extended period, № 14, to an administrative assistant named Teressa Turner at Broadway's office in Maryland. № 15-1 at 9–10. Miles attempted service by certified mail, restricted delivery, to Brian Reynolds, Broadway's incorporator. № 15-1 at 5. But the address posted on the Arkansas Secretary of State's website was wrong. № 15-1 at 1. Miles got the correct address and shifted gears. She hired a process server who called Broadway's office. He was directed to Turner, but couldn't reach her by telephone. He went to Broadway's office. He found Turner. She told him she was authorized to accept process. He handed the amended complaint and summons to her on 18 March 2019. № 15-1 at 9–10.

This was good service on Broadway. Federal Rule 4 allows service pursuant to Maryland Rule 2-124(h). FED. R. CIV. P. 4(h)(1)(A). The state rule says: "Service is made upon a limited liability company by serving its resident agent. If the limited liability company has no

resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process." Md. Rule 2-124(h). Broadway doesn't have a resident agent in Arkansas; the Secretary of State's website says the agent has resigned. № 15-1 at 5. Miles made a good-faith attempt to serve Broadway by mailing the suit papers (by certified mail, restricted delivery) to Reynolds at Broadway's address. But the listed address was wrong. Miles's process server, after contacting Broadway by telephone, went to the company's office. In person, Tuner assured the process server she was authorized to accept the amended complaint and summons on Broadway's behalf. All things considered, Miles made good service on Broadway under Maryland law. *Roland v. Branch Banking & Trust Corporation*, 149 F. Supp. 3d 61, 66–67 (D.D.C. 2015) (applying Md. Rule 2-124(d)'s echoing provision about service of process on corporations).

Miles's motion for a default judgment, № 15, is partly granted as modified for good cause and partly denied without prejudice. FED. R. CIV. P. 55(b)(2). Broadway has failed to appear, or otherwise defend against Miles's amended complaint, within the time provided by law. Its answer or responding motion was due by 8 April 2019. The Court directs the Clerk to enter a default against Broadway Health & Rehab, LLC. All facts establishing Broadway's liability are admitted. And Miles is entitled to judgment on liability. Her damages, though, must

be established at a trial. Miles must file a notice by 29 May 2019 estimating how many six-hour trial days she will need to do so. A Final Scheduling Order—setting only a deadline for pretrial disclosures and a trial date—will issue thereafter.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 May 2019